Honorable Homer R. Taylor County Attorney Wharton County 304 Courthouse Building Wharton, Texas 77488
Re: Authority of county commissioners court to make and enforce building ordinances in compliance with National Flood Insurance Act.
Dear Mr. Taylor:
You have asked our opinion whether a county's commissioners court presently has authority to make and enforce building ordinances in compliance with the National Flood Insurance Act of 1968, as amended and expanded by the Flood Disaster Protection Act of 1973, 42 U.S.C. § 4001-4128. The authority for a commissioners court to promulgate land use regulations in flood-prone areas in conformity with the Federal Act is derived from article 8280-13, V.T.C.S. See Attorney General Opinion H-978 (1977). Article 8280-13 was enacted by the Legislature in 1969, at its first session after the National Flood Insurance Act made available federally subsidized flood insurance. Such insurance is offered only to residents of areas where an appropriate public body has adopted land use and control measures consistent with comprehensive criteria promulgated by the Secretary of Housing and Urban Development.
Section 2 of article 8280-13 states the purpose of that article as
 to evidence a positive interest in securing flood insurance coverage under this Federal program, and to so procure for those citizens of Texas desiring to participate. . . .
Political subdivisions are authorized to take
 all necessary and reasonable actions to comply with the requirements and criteria of the National Flood Insurance Program. . . .
Id. § 5. Section 8280-13 further provides:
 Political subdivisions which qualify for the National Flood Insurance Program . . . may adopt and promulgate reasonable rules and regulations which are necessary for the orderly effectuation of the respective authorizations herein.
Id. § 8 (emphasis added). Political subdivisions wishing to qualify for the benefits of the National Flood Insurance Program were authorized to do so `by June 30, 1970.' Id. § 9.
We have previously referred to article 8280-13 as a `limited grant of authority.' Attorney General Opinion H-978 (1977) at 3. We further expressed our view in Opinion H-978 that,
 The regulations so enacted must have as their purpose and effect compliance with the requirements and criteria promulgated pursuant to the National Flood Insurance Program.
Id. at 2. Such regulations `have no application' unless made pursuant to the requirements or criteria of the Federal Act. Id. at 3.
We believe, therefore, that a county has no present authority to enact land use regulations for flood-prone areas under article 8280-13 unless it qualified for participation in the National Flood Insurance Program by June 30, 1970. Article 8280-13 authorized counties to qualify by that date, and carried no continuing authorization for counties to qualify later. Counties that did qualify for the federal insurance program by June 30, 1970, have continuing authority, pursuant to sections 5 and 8 of article 8280-13, to enact measures necessary to comply with federal regulations promulgated under the National Flood Insurance Program.
 SUMMARY
A county has no present authority to enact land use regulations for flood-prone areas under article 8280-13, V.T.C.S., unless it qualified for participation in the National Flood Insurance Program by June 30, 1970. Counties that did qualify for the federal insurance program by that date have continuing authority to enact measures insofar as they are necessary to comply with federal regulations promulgated pursuant to the National Flood Insurance Act.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee